IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MB FINANCIAL, INC. and MB FINANCIAL BANK, N.A., | ) ) ) | |
| Plaintiffs | ) ) | Case No. 17 C 8866 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| THOMAS HART and PRIMELENDING, A PLAINSCAPITAL COMPANY, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs MB Financial, Inc. and MB Financial Bank, N.A. ("plaintiffs") brought the instant case against defendants Thomas Hart and PrimeLending, a PlainsCapital Company ("PrimeLending"). The complaint alleges that Hart improperly solicited plaintiffs' employees to work for PrimeLending within one year of his termination, in violation of the terms of a Protective Covenants Agreement ("PCA") Hart entered into with plaintiffs. Plaintiffs also allege tortious interference with contract against PrimeLending. The PCA contained a forum-selection clause designating the Northern District of Illinois as having exclusive venue for disputes arising from the PCA. Defendants moved to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer pursuant to 28 U.S.C. §§1404(a) or 1406(a). Because the PCA contains a forum-selection clause specifying this district as the appropriate venue, and because the interests of the parties and the judiciary weigh in favor of litigating the claims together, the court denies defendants' motion.

## BACKGROUND

Thomas Hart, a New York citizen, was employed by Cole Taylor Bank in Rochester, New York from 2012 until plaintiffs acquired Cole Taylor Bank in 2014 and became Hart's employer. MB Financial, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. MB Financial, N.A. is a national banking association also headquartered in Chicago, Illinois.

In 2015, plaintiffs presented Hart with a PCA, which he signed. The PCA included an employee non-solicitation provision and a forum-selection clause. The forum-selection clause specifies: "The exclusive venue for any litigation between Employee and the Bank for any dispute arising out of or relating to this Agreement shall be the state or federal courts located in DuPage County, Illinois, and Employee hereby consents to any such court's exercise of personal jurisdiction over Employee for such purpose."

Hart's employment with plaintiffs terminated in April 2017. Hart began working for PrimeLending soon after. Plaintiffs allege that Hart violated his obligations under the PCA by recruiting MB employees to join PrimeLending. Each of these employees resides and works in New York. Plaintiffs further allege that PrimeLending assisted Hart in his solicitation, despite its awareness of the terms of the PCA. PrimeLending is incorporated in Texas. Its principal place of business is in Dallas, Texas. PrimeLending maintains multiple offices in Illinois and accepts applications for credit from Illinois residents.

## DISCUSSION

When venue is challenged, plaintiffs have the burden to demonstrate that the venue they selected is proper. <u>Harlem Ambassadors Prods., Inc. v. ULTD Entm't LLC</u>, 281 F. Supp. 3d

689, 696 (N.D. Ill. 2017). In the event of multiple defendants, venue must be proper as to each defendant. Id. For the purpose of resolving this motion, the court takes all facts alleged in the complaint as true and resolves any factual conflicts in plaintiffs' favor. Moore v. AT & T Latin Am. Corp., 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001).

A case is properly dismissed under Rule 12(b)(3) only if venue is improper. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 55 (2013). A case may be dismissed or transferred under 28 U.S.C. § 1406(a), again, only if venue is improper. Id. ("Section 1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (internal quotations and alterations omitted). Transfer under 28 U.S.C. § 1404(a) is not governed by the propriety of venue, and provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which the parties have consented." Venue in any civil case is generally proper only if one of the categories established in 28 U.S.C. § 1391(b) applies. That section reads as follows:

> (b) Venue in general. --A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Courts throughout the country, including this one, have routinely held, however, that parties can waive objections to venue by agreeing to a forum-selection clause. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) ("[Forum-selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."); City of New Orleans v. Mun. Admin. Services, Inc., 376 F.3d 501, 504 (5th Cir. 2004) ("A party may waive its rights by … allowing the other party to choose venue or by establishing an exclusive venue within the contract."); Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001) ("[A] forum selection clause may be viewed as a waiver of a defendant's right to object to venue."); Guaranteed Rate, Inc. v. Conn, 264 F. Supp. 3d 909, 924 (N.D. Ill 2017) ("Forum selection clauses generally constitute implied waivers of objections to both personal jurisdiction and venue in the selected forum."); In re HA-LO Indus., Inc., 2003 WL 21982145, at *3 (N.D. Ill. Aug. 19, 2003) ("[T]he 'signing of a valid forum selection clause is a waiver of the right to move for a change of venue [from the selected forum] on the grounds of inconvenience to the moving party.'") (second alterations in original) (quoting Nw. Nat. Ins. Co. v. Donovan, 916 F.2d 372, 378 (7th Cir. 1990)).

Defendants argue that all of this precedent, and its underlying rationale, was abrogated by the following comment in Atlantic Marine:

> This question – whether venue is 'wrong' or 'improper' – is generally governed by 28 U.S.C. § 1391 …. Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories listed in § 1391(b).

571 U.S. at 55–56.

According to defendants, it follows that venue can never be proper unless § 1391(b) is satisfied, regardless of a forum-selection clause. If the passage were read in a vacuum, defendants' argument might hold water. Read in context, however, the argument fails. Indeed, following defendants' premise to its logical conclusion, a forum-selection clause would never be valid unless, by chance, the venue specified in the clause happened to satisfy § 1391(b), in which case the forum-selection clause would have been completely unnecessary. The principle defendants urge the court to adopt not only renders forum-selection clauses toothless, it flies in the face of the rationale underlying the very case defendants rely on, Atlantic Marine. The court is aware, through defendants' briefs and its own extensive research, that there is a split in the district courts regarding this very issue. See Huawei Techs. Co. v. Yiren Huang, 2018 WL 1964180, at *8 (E.D. Tex. Apr. 25, 2018), motion to certify appeal denied sub nom. Huawei Techs. Co. v. Huang, 2018 WL 2463800 (E.D. Tex. June 1, 2018) (citing cases both accepting and rejecting defendants' position). Because this is so, some discussion of Atlantic Marine is warranted.

Atlantic Marine Construction Company, a Virginia corporation, entered into a contract to construct a childhood development center in the Western District of Texas. Atlantic Marine, 571 U.S. at 52–53. It then subcontracted with J–Crew Management, a Texas corporation, to complete the project. Id. at 53. The contract between the two companies included a forum-selection clause specifying that all litigation would take place in either Norfolk, Virginia's Circuit Court or the United States District Court for the Eastern District of Virginia, Norfolk Division. Id. A dispute between the parties arose, and J–Crew filed suit in the Western District of Texas invoking diversity jurisdiction. Id. Atlantic Marine then "moved to dismiss the suit,

arguing that the forum-selection clause rendered venue in the Western District of Texas 'wrong' under § 1406(a) and 'improper' under Federal Rule of Civil Procedure 12(b)(3)." Id. Atlantic Marine moved, in the alternative, to transfer the case to the Eastern District of Virginia under §1404(a). The district court denied both motions after considering a number of public and private interest factors, the forum-selection clause being one, and concluding that transfer to Virginia would neither be in the interest of justice nor increase the convenience to the parties and witnesses. Id. at 53–54.

Atlantic Marine then "petitioned the Court of Appeals for a writ of mandamus directing the District Court to dismiss the case under § 1406(a) or to transfer the case to the Eastern District of Virginia under § 1404(a)." Id. at 54. The court of appeals denied that petition, finding that "Atlantic Marine had not established a clear and indisputable right to relief" and "that the District Court had not clearly abused its discretion in refusing to transfer the case after conducting the balance-of-interests analysis required by § 1404(a)." Id. The Supreme Court granted certiorari.

The Court began its analysis by rejecting Atlantic Marine's contention that seeking dismissal of a suit under § 1406(a) and Rule 12(b)(3) is the proper way to enforce a forum-selection clause. Id. at 55. It is in this analysis that the Court noted that venue is neither wrong nor improper if § 1391(b) is satisfied, regardless of a forum-selection clause. Id. at 56. The Court went on, however, to explain that "[a]lthough a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." Id. at 59. The Court further noted that "§ 1404(a) does not condition transfer on the initial forum's being 'wrong,'"

6

but rather "permits transfer to any district where venue is also proper (*i.e.*, were the case might have been brought) or to *any other district to which the parties have agreed by contract or stipulation*." Id. (emphasis added) (internal quotation marks and alterations omitted). Indeed, the whole point of the Court's analysis was procedural: the proper vehicle for enforcing a forum-selection clause is § 1404(a), not § 1406(a) or Rule 12(b)(3), when venue is otherwise proper in the initial, but not contractually preselected, forum.

Emphasizing the fact that the Court was not invalidating forum-selection clauses when the specified forum fails to satisfy § 1391(b) (as did the one at issue), the Court criticized the district court for "failing to make the adjustments required in a § 1404(a) analysis when the transfer motion is premised on a forum-selection clause." Id. at 62. Specifically, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. That is because the § 1404(a) "calculus changes [] when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Id. at 63 (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988). Accordingly, the Court instructed that:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.

Atlantic Marine, 571 U.S. at 66.

The Court concluded that the district court erred by "improperly plac[ing] the burden on

7

Atlantic Marine to prove that transfer to the parties' contractually preselected forum was appropriate" and by "giving weight to arguments about the parties' private interests, given that all private interests, as expressed in the forum-selection clause, weigh in favor of the [preselected forum]." Id. at 67. The Court then remanded, despite the fact that the preselected forum did not satisfy § 1391(b), for the district court to conduct the § 1404(a) analysis within the constraints required when the parties have entered into a forum-selection clause: specifically, considering only public-interest factors. Id. at 68.

Having summarized the contours of Atlantic Marine, this court is struck by just how far afield from its holding and rationale defendants' motion lies. First, defendants move to dismiss for improper venue under Rule 12(b)(3) or transfer under § 1406(a) despite Atlantic Marine's explicit direction that "venue is [] proper" in "any [] district to which the parties have agreed by contract or stipulation." Id. at 59. Second, the short, explanatory, cherry-picked passage that defendants claim supports their position, when interpreted as they urge (that is, in a vacuum), completely distorts the underlying rationale of the Court's holding: venue is proper in a preselected forum regardless of § 1391(b), and transfer should be premised on § 1404(a), not § 1406(a) or Rule 12(b)(3). Indeed, the courts are presented a factual scenario that is entirely different from Atlantic Marine when a plaintiff "file[s] suit in the venue mandated by the forum-selection clause," and a defendant moves to dismiss or transfer, as occurred in the instant case. Huawei Techs Co., 2018 WL 1964180, at *7.

Under Atlantic Marine venue in the parties' preselected forum, the Northern District of Illinois, is unquestionably proper. Defendants' motion is denied as to Rule 12(b)(3) and § 1406(a). Defendants' alternative argument is that the case should be transferred to the Western

District of New York under § 1404(a). Atlantic Marine instructs that courts conducting the § 1404 (a) analysis in conjunction with a forum-selection clause are to consider "public-interest factors only." Atlantic Marine, 571 U.S. at 64. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id. Accordingly, defendants' argument faces a steep up-hill battle in which plaintiffs easily prevail.

Hart entered into a valid PCA with plaintiffs that contained a mandatory forum-selection clause designating the Northern District of Illinois as the only federal district court that may hear cases arising from the agreement.[1] Because this is so, the burden shifts to defendants to show that the forum-selection clause should not be enforced due to public interest factors only. Id. Defendants argue that three public-interest factors can support transfer: (1) docket congestion; (2) interest in having the case heard in a forum that is familiar with the applicable law; and (3) interest in having local controversies adjudicated at home.

Defendants admit that relative court congestion in the Western District of New York weighs against transfer. Defendants further admit that the Western District of New York has equal knowledge of the relevant law because Illinois law will govern plaintiffs' claim against Hart and New York law will govern plaintiffs' claim against PrimeLending regardless of whether the case is transferred. The only public interest factor weighing slightly in interest of transfer, then, is that the Western District of New York has a greater interest in the controversy

---

[1] Two points of clarification are necessary. First, defendants do not argue that the either the PCA or the forum-selection clause is not valid. Second, the court's analysis would be altered if the forum selection clause were permissive, as opposed to mandatory. Defendants do not dispute that the forum-selection clause uses obligatory language and is therefore mandatory.

9

because the alleged conduct occurred there. This factor alone, however, does not rise to the level of an exceptional circumstance sufficient to overcome the "counterweight of a forum-selection clause." Id. (internal quotation marks omitted). Because this is far from a "most exceptional case[]," the court must give the "forum-selection clause [] controlling weight," as Atlantic Marine demands.

Because Hart and plaintiffs agreed to have all disputes stemming from Hart's employment contract resolved in the Northern District of Illinois, plaintiffs' claim against Hart is properly before this court. Plaintiffs' claim against PrimeLending will also remain before this court under the doctrine of pendent venue. The claim against PrimeLending "arise[s] out of a common nucleus of operative fact" because it relates to Hart's solicitation of MB Financial employees to work for PrimeLending in violation of the PCA. Woodrum/Ambulatory Sys. Dev., LLC v. Lakeshore Surgical, LLC, 2009 WL 256286, at *5 (N.D. Ill. Jan. 28, 2009) ("Federal courts increasingly recognize that under the doctrine of pendent venue, venue may be proper with respect to an improperly venued claim if the claim is joined to a properly venued claim, and the claims arise out of a common nucleus of operative fact.") (internal quotation omitted). Maintaining both claims together avoids the risk of conflicting rulings, preserves judicial resources, prevents witnesses from needing to travel and appear in two different courts, and promotes efficiency for all parties.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss for improper venue, or to transfer (Doc. 13) is denied. Defendants are directed to answer the complaint on or before September 13, 2018. The parties are directed to file a joint status report using this court's form

on or before September 20, 2018. This matter is set for a report on status on September 27, 2018, at 9:00 a.m.

**ENTER:** **August 16, 2018**

_____
**Robert W. Gettleman
United States District Judge**