IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MB FINANCIAL, INC. and MB FINANCIAL BANK, N.A., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17 C 8866 |
| v. | ) ) | Judge Robert W. Gettleman |
| THOMAS HART and PRIMELENDING, a Plainscapital Company, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs MB Financial, Inc. and MB Financial Bank, N.A. ("plaintiffs") brought the instant case against defendants Thomas Hart and PrimeLending ("PrimeLending") alleging that Hart improperly solicited plaintiffs' employees to work for PrimeLending within one year of his termination, in violation of the terms of a Protective Covenants Agreement (the "PCA") that Hart had entered into with plaintiffs. Plaintiffs also allege tortious interference with contract against PrimeLending. The PCA contained a forum-selection clause designating the "state or federal courts located in DuPage County, Illinois" as having exclusive venue for disputes arising from the PCA. Defendants moved to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). The court denied defendants' motion and directed defendants to answer the complaint. MB Financial, Inc. v. Hart, 2018 WL 3920715 (N.D. Ill. Aug. 16, 2018). Defendants answered the complaint and Hart filed a counterclaim against plaintiffs alleging a breach of a separate Retail Mortgage VP Branch Manager Incentive Compensation Plan (the "Incentive Plan"), a violation of New York

Labor Law §193, et seq., a violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., or, alternatively, unjust enrichment based on plaintiffs' failure to pay commissions to Hart under the Incentive Plan. Plaintiffs have moved to compel arbitration of Hart's counterclaim and either dismiss it or stay it pending arbitration. For the reasons discussed below, plaintiffs' motion to compel arbitration is granted.

## BACKGROUND

Defendant Thomas Hart, a New York citizen, was employed by Cole Taylor Bank in Rochester, New York from 2012 until plaintiffs acquired Cole Taylor Bank in 2014 and became Hart's employer. Plaintiff MB Financial, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Plaintiff MB Financial, N.A. is a national banking association also headquartered in Chicago, Illinois.

In 2015, plaintiffs presented Hart with a PCA, which he signed. The PCA included an employee non-solicitation provision and forum-selection clause. The forum-selection clause specifies:

> The exclusive venue for any litigation between Employee and the Bank for any dispute arising out of or relating to this Agreement shall be the state or federal courts located in DuPage County, Illinois, and Employee hereby consents to any such court's exercise of personal jurisdiction over Employee for such purpose.

Hart's employment with plaintiffs terminated in April 2017, and he began working for PrimeLending soon after. Plaintiffs allege that Hart violated his obligations under the PCA by recruiting MB employees to join PrimeLending. Each of these employees resides and works in New York. Plaintiffs further allege that defendant PrimeLending assisted Hart in his solicitation, despite its awareness of the terms of the PCA. PrimeLending is incorporated in

Texas. Its principal place of business is in Dallas, Texas. PrimeLending maintains multiple offices in Illinois and accepts applications for credit from Illinois residents.

In 2015, Hart was promoted to the position of Retail Mortgage VP Branch Manager for the plaintiffs' Rochester office. MB Financial Bank, N.A. implemented a Retail Mortgage VP Branch Manager Incentive Compensation Plan, which took effect on January 1, 2017. This Incentive Plan governed some of Hart's compensation. In his counterclaim Hart alleges that plaintiffs failed to compensate him under the Incentive Plan. The incentive plan contains the following mandatory arbitration clause:

> (a) Except as provided below, the Company and team member agree to arbitrate any and all current or future disputes, controversies or claims arising out of or relating to this Plan, or any arrangements relating to the Plan or contemplated in the Plan or the breach, termination or invalidity of the Plan (collectively, "Claims"). . . . Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court or before a Governmental agency in favor of arbitration.

## DISCUSSION

Plaintiffs have moved to compel arbitration of the counterclaim based on the arbitration clause in the Incentive Plan. Plaintiffs argue that the counterclaims are subject to arbitration because they "aris[e] out of or relat[e] to" the Incentive Plan. Defendant does not dispute that the arbitration clause is valid and enforceable. Rather, defendant argues that the PCA is also subject to the Incentive Plan's arbitration clause and that plaintiffs waived their right to arbitrate the counterclaims by bringing their PCA claims in federal court instead of seeking arbitration.

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., "arbitration may be compelled if the following three elements are shown: a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." Zurich Am. Ins. Co. v.

Watts Indus., Inc., 417 F.3d 682, 687 (7th Cir. 2005) (citing 9 U.S.C. § 4). Courts review a motion to compel arbitration under a summary judgment standard in accordance with Federal Rule of Civil Procedure 56(c). Tickanen v. Harris & Harris, Ltd., 461 F. Supp. 2d 863, 866 (E.D. Wis. 2006). To defeat such a motion, "[t]he party opposing arbitration must identify a triable issue of fact concerning the existence of the agreement . . . ." Tinder v. Pinkerton Sec., 305 F.3d 728, 735 (7th Cir. 2002).

Congress expressed a national policy favoring arbitration by passing the FAA. Zurich Am. Ins. Co. v. Watts Indus., 466 F.3d 577, 580 (7th Cir. 2006) ("The FAA is Congress's manifestation of a national policy favoring arbitration and results in the placement of arbitration agreements on equal footing with all other contracts."). Accordingly, when there is a doubt of the scope of arbitrable issues, courts "should resolve that doubt 'in favor of arbitration.'" Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003) (quoting Mitsubishi Motors Corp v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)). A party, however, may waive its right to arbitration if it "act[s] inconsistently with the right to arbitrate." Armstrong v. Lasalle Bank Nat'l Ass'n, 552 F.3d 613, 616 (7th Cir. 2009) (quoting Halim v. Great Gatsby's Auction Gallery, Inc., 516 F.3d 557, 572 (7th Cir. 2008)).

In the instant case, there is no dispute that the arbitration agreement is valid or that the counterclaims are covered by the agreement. Rather, the dispute is whether the PCA is subject to the arbitration clause contained in the Incentive Plan, and whether by filing their PCA claims in federal court plaintiffs' have waived their right to arbitrate the counterclaims.

Defendant claims that the PCA "repeatedly discusses and refers to Plaintiffs' incentive plans . . . ." The Incentive Plan, however, did not take effect until January 1, 2017,

4

approximately seventeen months after the PCA was signed by defendant. Thus, to the extent the PCA refers to an incentive plan it must refer to a different, prior plan with which the court has not been provided. Regardless, the PCA does not incorporate an arbitration clause from a prior incentive plan and, in fact, has a forum-selection clause specifically choosing the "state or federal courts located in DuPage County, Illinois." Plaintiffs' claims are based on a breach of the PCA and are properly brought in federal court.

Even if the PCA was subject to the arbitration clause, plaintiffs have not waived their right to arbitrate the counterclaims. Courts, not arbitrators, determine whether a party has waived its right to arbitration through litigation conduct. See, e.g., Banc of Am. Secs. LLC v. Independence Tube Corp., 2010 WL 1780321, *4, *6 (N.D. Ill. May 4, 2010). This determination is made based on whether the party has acted consistently with the right to arbitrate. Armstrong, 552 F.3d at 616. Courts look at the totality of the circumstances when the alleged waiver is implicit. Grumhaus v. Comerica Sec., Inc., 223 F.3d 648, 651 (7th Cir. 2000). In accordance with the forum-selection clause of the PCA, plaintiffs filed their PCA claims in federal court. Relying on this clause cannot be understood to be acting inconsistently with the right to arbitrate claims arising from a separate contract.

Moreover, such a waiver excludes arbitration only when the same cause of action has been litigated. Grumhaus, 223 F.3d at 652. In the instant case, the PCA claims and the claims related to the Incentive Plan are legally and factually different. The PCA claims relate to an alleged violation of a non-solicitation provision, whereas the claims under the Incentive Plan allege a failure to pay commissions to a former employee. It is unclear whether the claims are interdependent and whether the resolution of the arbitration question affects either or both

claims. While these claims may have facts in common, "different claims may arise from a common factual basis, and . . . in one claim, a party may wish to waive arbitration while preserving that right in the other." Id. The issues in the instant case are sufficiently distinct.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel arbitration of defendant Hart's counterclaims (Doc. 38) is granted. Accordingly, defendant Thomas Hart's counterclaims are stayed pending arbitration. This matter is set for a status hearing on January 31, 2019 at 9:00 a.m.

**ENTER:      January 24, 2019**

**Robert W. Gettleman**
**United States District Judge**